FILED

OCT 7 2026

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re: VELOCITY ESPORTS, INC.; VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC; VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC; VELOCITY ESPORTS NEWPORT KENTUCKY, LLC; VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC

Debtors

------------------------------

434 N. ORANGE INVESTMENT, LLC

Appellant

v.

VELOCITY ESPORTS, INC.; VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC; VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC; VELOCITY ESPORTS NEWPORT KENTUCKY, LLC; VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC

Appellees

BAP No. NV-26-1234

Bankr. No. 25-12627-mkn
Adv. No. 26-01075-mkn
Chapter 11

October 7, 2026

**BRIEFING ORDER**
**(Prompt Action Required)**

Unless otherwise ordered by this court, the parties to this appeal shall timely complete all of the briefing deadlines set forth below. Failure of the parties to comply with these deadlines may result in dismissal of this appeal or in the imposition of other sanctions. These deadlines control and supersede any briefing deadlines set forth in the Federal Rules of Bankruptcy

Procedure ("FRBP").

**Last day for appellant(s) to file opening brief and appendix: November 23, 2026.**
**Last day for appellee(s) to file responsive brief and appendix: Twenty-one days after service of appellant's opening brief.**
**Last day for appellant(s) to file optional reply brief: Fourteen days after service of appellee's reply brief.**

Requirements for filing a brief, an appendix (excerpts of the record), and required certificates are set forth in FRBP 8014, 8015 and 8018, and Ninth Circuit BAP Rules 8018(a)-1, 8018(b)-1, and 8015(a)-1. See also 9th Cir. BAP Rule 8009-1 (describing requirements for the inclusion of transcripts in the excerpts of the record).

Briefs in this case shall not exceed the following page limits:

**Appellant(s)' opening brief shall not exceed 30 pages.**
**Appellee(s)' opening brief shall not exceed 30 pages.**
**Appellant(s)' optional reply brief shall not exceed 15 pages.**

The page limits set forth herein supersede those set forth in Ninth Circuit BAP Rule 8015(a)-2. Parties may also choose to comply with the type-volume limitations set forth in FRBP 8015(a)(7).

Attorneys must file briefs and excerpts of record electronically via ECF. See the Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov. Colored covers and additional copies are not required for electronically filed briefs and excerpts of record.

Parties not required to file electronically need only file an original brief and appendix (excerpts of record). This supersedes the requirements for additional copies in BAP Rule 8018(a)-1 and 8018(b)-1.

The parties generally should expect that oral argument will occur shortly after briefing is completed. Please refer to the attached materials regarding advance consideration of issues concerning oral argument.

**FAILURE OF APPELLANT TO TIMELY PROVIDE AN ADEQUATE OPENING BRIEF AND ADEQUATE EXCERPTS OF THE RECORD IN COMPLIANCE WITH THE GOVERNING RULES MAY RESULT IN DISMISSAL OF THE APPEAL, OR IN SUMMARY AFFIRMANCE OF THE RULING ON APPEAL.** See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187 (9th Cir. 2003).

FOR THE PANEL,

Susan M Spraul
Clerk of Court

## SUMMARY OF REQUIREMENTS FOR BRIEFS AND EXCERPTS OF THE RECORD

This Summary is intended to help the parties file their briefs and appendix in the proper format, but it is not a substitute for reading and complying with all of the procedural rules listed in the Briefing Order, which rules govern the format and content of each brief and appendix. Briefs that do not comply with national and local rules may not be accepted for filing. Your attention is particularly called to the following requirements:

LENGTH -- Thirty pages for the opening briefs of appellant and appellee. Fifteen pages for appellant's reply brief, if any. Parties may also choose to comply with the type-volume limitations set forth in FRBP 8015(a)(7).

NUMBER -- For non-electronic filers: a signed original brief and one excerpt of record; for electronic filers: no paper copies of the brief or excerpts of the record.

APPENDIX (Excerpts of The Record) -- The parties are required to include copies of all relevant documents from the bankruptcy court record, including transcripts, in their excerpts.

FORMAT OF APPENDIX -- A paper appendix must comply with the requirements of 9th Cir. BAP Rule 8018 (b) - 1. FAILURE TO TAB ALL DOCUMENTS IN THE APPENDIX, TO CONTINUOUSLY PAGINATE THE ENTIRE APPENDIX, AND TO PROVIDE A TABLE OF CONTENTS IN THE FORM SPECIFIED IN THE ABOVE-REFERENCED RULE MIGHT SEVERELY HAMPER THE PANEL'S REVIEW OF THE ISSUES ON APPEAL. An electronic appendix must comply with Rule 3 of the Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov.

CERTIFICATES -- Both appellant's and appellee's opening brief must contain a Certificate of Interested Parties. Appellants brief must also contain a Certificate of Related Cases.

CALCULATION OF TIME -- Paper briefs are deemed filed on the day of mailing. FRBP 8011(a)(2). Electronic briefs are deemed filed when the filing is successfully completed. See Rule 7 of the Administrative Order Regarding Electronic Filing in BAP Cases.

## ADVANCE CONSIDERATION OF ISSUES CONCERNING ORAL ARGUMENT

While the parties are briefing, the BAP is considering where and when to set oral argument. Because the BAP seeks to set argument as soon as practical after briefing is completed, any stipulations, motions or notices concerning oral argument should be filed at the earliest possible time, generally with a party's first brief. While appeals typically are set for hearing in the bankruptcy district from which the appeal arose whenever feasible, the parties may file a stipulation or motion requesting an alternative hearing location or a hearing by telephone or video conference. The parties also may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument.

All parties should carefully review the dates on the BAP's annual hearing calendar located on the BAP's website: http://www.bap9.uscourts.gov. This calendar contains dates that the BAP judges have set aside for argument, and it is likely that your appeal will be set for hearing on one of these dates. If a party knows or suspects that he or she will be unavailable on one of these dates, he or she should file as soon as possible a notice of unavailability, stating the dates on which he or she is unavailable. Once a case has been scheduled for argument, continuances and requests to change time or place are rarely granted.

## CERTIFICATE OF MAILING

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

By: Cecil Lizandro Silva, Deputy Clerk
Date: October 7, 2026